IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNETH WAYNE WOODSON
A/K/A KENNETH CHARLES BELL
    Petitioner,

v.

LORIE DAVIS, *Director*,
TDCJ-CID,
    Respondent.

No. 3:17-cv-2916-G (BT)

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Petitioner Kenneth Woodson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed for failure to exhaust state remedies.

I.

    On February 20, 1987, Petitioner pleaded guilty to aggravated sexual assault and was sentenced to thirty years in prison. *State of Texas v. Kenneth Charles Bell*, No. F86-94431-HL (Crim. Dist. Ct. No. 5, Dallas County, Tex., Feb. 20, 1987). On May 20, 2011, Petitioner was released to mandatory supervision, but was taken into custody by the United States Marshal on a federal charge. He was later convicted of bank robbery and sentenced to 120 months in prison. *United States v. Kenneth Wayne Woodson*, No. 3:07-cr-091-G (N.D. Tex. Dallas Division). On

1

September 6, 2016, Petitioner pleaded guilty in state court to failure to register as a sex offender. *State of Texas v. Kevin Wayne Woodson*, No. F16-32546-X (Crim. Dist. Ct. No. 6, Dallas County, Tex., Sept. 6, 2016). He was sentenced to three years in prison to run concurrently with the remainder of his previous thirty-year state sentence. On September 23, 2016, Petitioner's mandatory supervised release on his thirty-year state sentence was revoked.

Petitioner does not challenge any of his convictions in this action. Instead, he argues Respondent is miscalculating his time credits. On April 10, 2019, Respondent filed an answer arguing the petition should be dismissed as time-barred or for failure to exhaust state remedies. Petitioner did not file a reply.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A federal habeas petition that contains unexhausted claims cannot be granted. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

To exhaust his time credit claim, Petitioner was required to file an administrative time credit dispute. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Once Petitioner exhausted his administrative remedies, he was

required to exhaust his state remedies by filing a state petition for writ of habeas corpus raising this claim. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Here, Petitioner did not file a time credit claim under § 501.0081; nor did he raise his time credit claim in a state habeas petition. Petitioner has therefore failed to exhaust his state remedies.[1]

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

## III.

The petition should be dismissed for failure to exhaust state remedies.

Signed August 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court finds the petition should be dismissed for failure to exhaust state remedies, the Court declines to address Respondent's claim that the petition is time-barred.

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).